# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re ) | **JUDGE RICHARD L. SPEER** |
| ) | |
| Phil Kelley ) | Case No. 05-3352 |
| ) | |
| Debtor(s) ) | (Related Case: 05-36539) |
| ) | |
| Oregon State Bar Assoc., et al. ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| Phil Kelley ) | |
| ) | |
| Defendant(s) ) | |

## MEMORANDUM OPINION AND DECISION

This cause comes before the Court upon Plaintiffs' Motion for Summary Judgment to Determine Dischargeability of Debt pursuant to 11 U.S.C. § 523; and the Response of the Defendant/Debtor, Phil M. Kelley. The Court has now had the opportunity to review the arguments of the Parties, as well as the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the Plaintiffs' Motion for Summary Judgment should be Granted.

## FACTS

The following facts were adduced from the complaint, answer, depositions, and interrogatories filed in this matter. The Parties to this action are the Defendant/Debtor, Phil M. Kelley ("Mr. Kelley") and the Plaintiffs, Franklynn M. Day ("Mr. Day"), Janice C. Potter ("Ms. Potter") and the Oregon State Bar Association ("the Oregon Bar"). From 1974 to 1995, Mr. Kelley was an attorney who was licensed and practiced in the State of Oregon. Mr. Day and Ms. Potter are two

former clients of Mr. Kelley who were awarded judgments based upon their claim that he misappropriated their money. The Oregon Bar is a party to this action as a result of receiving partial assignment of the judgments awarded to Mr. Day and Ms. Potter at the state court level. The details concerning those judgments are below.

*Franklynn M. Day*

In 1990, Mr. Day was injured on the job, suffering a serious brain injury. As a result of his injury, he was awarded a significant sum of money by the Workers' Compensation Bureau of Oregon. Of that award, a portion was to be disbursed as a lump sum with the remainder going into a lifetime annuity.

Mr. Day hired Mr. Kelley as his attorney to oversee the lump-sum workers' compensation award and to act as his conservator. Mr. Kelley then took the lump sum, placed it in an account and listed himself as the Trustee. However, no formalization of their relationship was ever set forth in writing.

After establishing the account, Mr. Kelley disbursed some of the funds according to Mr. Day's instructions. However, Mr. Kelley then commingled the remaining funds with his own personal account and used the monies to pay his personal debts. Mr. Kelley explained that he was having some personal problems that were having a significant, negative impact on his financial stability. At some later point, Mr. Day sought the return of his money, but Mr. Kelley indicated to him, without explanation, that the funds were no longer available.

In May 1999, Mr. Day filed a civil suit in Oregon state court against Mr. Kelley alleging legal malpractice and negligence. This action was litigated on the merits and Mr. Day obtained a judgment against Mr. Kelley. Of the award, a portion was reimbursed to Mr. Day by the Oregon Bar. In exchange for the reimbursement, the Bar received a partial assignment of the judgment.

Page 2

**Oregon States Bar Assoc., et al. v. Phil Kelley**
**Case No. 05-3352**

*Janice C. Potter*

Sometime in 1991, Ms. Potter hired Mr. Kelley to help her with some debt problems she had as a result of the loss of her job. For reasons not entirely clear, between 1991 and 1995, Ms. Potter turned over significant sums of money to Mr. Kelley from a variety of sources including an inheritance, a Social Security award and cash from redeemed treasury bonds.

In 1997, Ms. Potter made a demand for the return of her money, but Mr. Kelley informed her that he would not be able to return the money because he had spent it. Here again, Mr. Kelley used the money for personal expenses and debts while acting as her attorney.

In 2002, Ms. Potter sued and obtained a default judgment against Mr. Kelley in the Oregon state court. And again, the Oregon Bar reimbursed Ms. Potter the majority of her award in exchange for a partial assignment of her judgment against Mr. Kelley.

On June 28, 2005, Mr. Kelley filed, in this Court, a voluntary petition for Chapter 7 bankruptcy. Plaintiffs subsequently brought this complaint to determine the dischargeability of the Oregon state judgments under 11 U.S.C. § 523(a)(4).

## LAW

**§ 523. Exceptions to Discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

>(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]

Page 3

Oregon States Bar Assoc., et al. v. Phil Kelley
Case No. 05-3352

## DISCUSSION

The issue of dischargeability comes before the Court on the Plaintiffs' Motion for Summary Judgment. Determinations of dischargeability are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I) over which this Court has jurisdiction to issue final orders and judgments.

The Federal Rules of Civil Procedure state that a court shall grant summary judgment to the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P 56(c) (made applicable to bankruptcy proceedings by FED.R.BANK.P. 7056).

The burden of showing a lack of a genuine issue of material fact is placed upon the moving party who is required to identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this burden has been met by the moving party, summary judgment is to be entered when the nonmoving party can point to no specific facts showing a genuine issue exists for trial and seems only to be relying on some "forlorn hope that something will turn up at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

In support of their Motion for Summary Judgment, the Plaintiffs argue that the deposition testimony and answers to interrogatories of Mr. Kelley, wherein he made admissions as to the material issues in this proceeding, are dispositive. In response, Mr. Kelley argues that the failure of the Oregon state courts to specifically make findings of fraud and defalcation preclude this Court from making such determinations in this matter. (Doc. No. 28, at pg. 4). Though not stated in these specific terms, the Court takes the Defendant's argument to mean that the related preclusionary principles of res judicata and collateral estoppel are applicable. And because the Defendant's

Page 4

arguments, if correct, would render the Plaintiffs' position moot, the Court will be begin by addressing the Defendant's position.

*Res Judicata and Collateral Estoppel*

Res judicata prohibits a party to an action from raising the same claim against the same party in future actions. *Lawlor v. National Screen Corp.*, 349 U.S. 322, 326 (1955). Collateral estoppel serves a similar function; it precludes parties from retrying an issue (as opposed to a claim) already decided. *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 553 (1990); *Montana v. U.S.*, 440 U.S. 147, 153-54 (1979). The purpose of these two doctrines is the same: to assure the finality of judicial decisions. *Id.* at 153. However, the two doctrines differ as to their applicability to dischargeability determinations.

Concerning a prior claim, the Supreme Court has held that res judicata does not apply to bankruptcy courts in their determinations of nondischargeability. *Brown v. Felsen*, 442 U.S. 127, 138-39 (1979). The Court in *Brown* reasoned that the petition for bankruptcy is essentially the offering of a "new defense" to the judgment entered against the debtor and "the mere fact that a conscientious creditor has previously reduced his claim to judgment should not bar further inquiry into the true nature of the debt." *Id.* at 133, 138. The Court then went on to further explain that res judicata does not apply to claims of dischargeability because bankruptcy courts have "exclusive jurisdiction" over claims of dischargeability. *Id.* at 136, citing S. Rep. No. 91-1173, p. 2 (1970).

The same, however, is not true of the doctrine of collateral estoppel, with the Supreme Court recognizing its applicability to a dischargeability proceeding. *Grogan v. Garner*, 498 U.S. 279, 284-85 (1991). Yet, the Supreme Court also held that collateral estoppel is limited in its application. In order for collateral estoppel to apply, the elements of the claim being litigated must use standards identical to those previously litigated. *Brown*, at 139.

Page 5

Oregon States Bar Assoc., et al. v. Phil Kelley
Case No. 05-3352

However, in this case no such allegation is made. Instead, the Defendant argues that because the claims were not litigated in the state court, this Court is barred from deciding the matter, an argument completely contrary to the doctrine's fundamental tenet: that the issue to be precluded have been previously litigated. Accordingly, the Defendant's arguments regarding both the preclusionary doctrines of res judicata and collateral estoppel have no merit. The Court, therefore, now turns to address the substance of the Plaintiffs' complaint: whether the elements of § 523(a)(4) have been met.

On their action under § 523(a)(4), the Plaintiffs rely on that portion of the statute which excepts from discharge any debt that arises as the result of "fraud or defalcation while acting in a fiduciary capacity." There are thus two determinations that need to be made: (1) was Mr. Kelley acting as a fiduciary; and (2) did he commit the act of defalcation while in his fiduciary capacity? The Plaintiff bears the burden of establishing both these requirements by a preponderance of the evidence. *In re Carroll*, 140 Bankr. 313 (Bankr. D.Mass. 1992), *citing Grogan v. Garner*, 498 U.S. 279 (1991).

*Fiduciary*

The question of who is a fiduciary is a matter of federal law, although state law gives guidance as to when a trust relationship exists. *In re Johnson*, 691 F.2d 249, 251 (6th Cir. 1982); *Miller v. J.D. Abrams Inc.*, 156 F.3d 598, 602 (5th Cir. 1998) (stating that federal law will never create a fiduciary relationship where state law would not). In this case, whether applying the law of Oregon or Ohio, the attorney-client relationship between the Parties gives rise to a fiduciary relationship. *In re Conduct of Brandt*, 326 Ore. 582, 595 (1998); *Adams v. Fleck*, 8 Ohio Op. 2d 302 (1958), *aff'd* 171 Ohio St. 451 (1961). However, the Sixth Circuit Court of Appeals has held that federal law places an additional requirement on the "fiduciary" component of § 523(a)(4); it exists only in specific instances "involving an express or technical trust relationship arising from placement

Page 6

of a specific res in the hands of the debtor." *In re Garver*, 116 F.3d 176, 179 (6th Cir. 1997). However, insofar as it concerns the Plaintiffs' burden, this extension is not problematic.

In the instant case, the existence of a specific *res* is evident; Mr. Kelley was given, by both Mr. Day and Ms. Potter, legal control over significant sums of money. (Doc. No. 26, at 38). Such funds were also undoubtably held by the Defendant for the benefit of Mr. Day and Ms. Potter, not his own. To this end, the evidence is overwhelming that neither Mr. Day nor Ms. Potter intended to provide to the Defendant an absolute transfer of their property. Resultantly, it can only be concluded that the Defendant satisfies the fiduciary requirement of § 523(a)(4), and thus the Court turns to the final issue: whether the Defendant committed the act of defalcation.

*Defalcation*

As applied to § 523(a)(4), the Sixth Circuit has said that defalcation includes the misappropriation of trust funds held in a fiduciary capacity and the failure to properly account for trust funds. *In re Garver*, 116 F.3d at 179. In a deposition taken in this proceeding, Mr. Kelley openly and plainly admitted that he "commingled" Mr. Day's funds with his own and used Mr. Day's money to "pay [his] own debts." (Doc. No. 26, at 22, 26). During this same deposition, Mr. Kelley was similarly asked what happened to Ms. Potter's money. He replied, "it went the same way that some of Mr. Day's money went." *Id*. at 37. With respect to this testimony, no other logical explanation can be made – entirely consistent with the act of defalcation under § 523(a)(4), the Defendant misappropriated funds held in trust and failed to properly account for those funds.

*Conclusion*

Fed. R. Civ. P. 56(c) states that summary judgment is proper when, taking into account "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

Page 7

Oregon States Bar Assoc., et al. v. Phil Kelley
Case No. 05-3352

is entitled to judgment as a matter of law." In this case, the Debtor has failed to provide any legal or factual basis that would present a genuine issue of material fact for trial. Moreover, his sworn deposition testimony and answers to interrogatories leave no doubt as to the true nature of the acts he committed against Mr. Day and Ms. Potter.

In reaching the conclusions herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that, pursuant to 11 U.S.C. § 523(a)(4), the motion for summary judgment filed by the Plaintiffs be, and is hereby, GRANTED.

It is **FURTHER ORDERED** that the claims held by the Plaintiffs are hereby determined to be Nondischargeable Debts.

Dated: November 28, 2006

_____
Richard L. Speer
United States
Bankruptcy Judge

# *CERTIFICATE OF SERVICE*

Copies were mailed this 28th day of November, 2006, to the following parties:

Franklynn M. Day
c/o Robert S. Banks
222 S Columbia
#1200
Portland, OR 97201

Oregon State Bar Assoc
5200 SW Meadows Rd
Lake Oswego, OR 97035

Janice C. Porter
523 SW 13th
#503
Portland, OR 97205

James S Nowak
4808 N Summit St
Toledo, OH 43611-2858

Phil Martin Kelley
61 Birckhead Place
Toledo, OH 43608

Joseph W. Westmeyer, Jr
421 N Michigan St
#C
Toledo, OH 43624-1606

Office of the U.S. Trustee
U.S. Courthouse
201 Superior Ave, East
#441
Cleveland, OH 44114


/s/ Robert C.W. Birmingham
Deputy Clerk, U.S. Bankruptcy Court